Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
Meghan E. George, Esq. (274525)
mgeorge@toddflaw.com
Thomas E. Wheeler, Esq. (304191)
twheeler@toddflaw.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
Attorneys for Plaintiff, JUDY GOMPF

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JUDY GOMPF, individually and on behalf of all others similarly situated,** | Case No. |
| Plaintiff, | **Class Action Complaint For Violations Of:** |
| vs. | 1. **The Rosenthal Fair Debt Collection Practices Act,** *Cal. Civ. Code* **§§1788, et seq.** |
| **CONSUMER PORTFOLIO SERVICES, INC., and Does 1-10, inclusive,** | 2. **The California Business and Professions Code §17200** |
| Defendant(s). | **Jury Trial Demanded** |

1
**CLASS ACTION COMPLAINT**

## Introduction

1. This case arises as a result of false, deceptive and unfair debt-collection practices promulgated nationwide by Defendant, CONSUMER PORTFOLIO SERVICES, INC. ("Defendant"), in an effort to deceive consumers and debtors into paying far more money than legally owed.

2. In particular, Plaintiff, JUDY GOMPF ("Plaintiff"), alleges that within the year preceding the filing of this Complaint, Defendant collected or attempted to collect illegal amounts of interest by applying payments almost entirely to interest and fees and mischaracterizing the nature and amount of the debt owed in communications with debtors and consumers in connection with collection alleged debts.

3. Such conduct is inherently deceptive and misleads the least-sophisticated consumer, as it is plausible that an unsophisticated consumer would believe letter that they owe a higher amount than they in fact owe.

4. Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead debtors and consumers into making payments on amounts that they did not owe, thereby allowing Defendant to unfairly and unlawfully gain money from consumers and provide nothing in return.

5. Thus, Plaintiff brings class action claims against Defendant, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), which was

2
**CLASS ACTION COMPLAINT**

enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e); *Cal. Civ. Code* §1788.1(b). Plaintiff alleges that Defendant's practices were unlawful, unfair, and fraudulent and violated California Business and Professions Code §17200 (hereinafter "CBPC").

## Jurisdiction and Venue

6. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a California corporation.  Plaintiff also seeks $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

7. Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the state of California and the Central District of California.

**CLASS ACTION COMPLAINT**

**The Parties**

8. Plaintiff is a natural person residing in Orange County, State of California who is obligated or allegedly obligated to pay any debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering her a "a "debtor" under the RFDCPA, *Cal. Civ. Code* § 1788.2(h).

9. Defendant is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due themselves. Thus, Defendant is a "debt collector," under the RFDCPA, *Cal. Civ. Code* § 1788.2(c).

10. The debts Defendant attempted to collect from Plaintiff and the putative class members qualify as "consumer debt(s)," under the RFDCPA, *Cal. Civ. Code* §1788.2(f).

**Factual Allegations**

11. Within one (1) year preceding the filing of this class action lawsuit, Defendant attempted to collect an alleged debt from Plaintiff.

12. The alleged debt is for an automobile loan on a 2012 Toyota Carola that was taken out in or around 2013 ("the debt"). Since that time, Plaintiff has made payments of around $420 every month.

4
**CLASS ACTION COMPLAINT**

**13.** Defendant, however, has applied the bulk of Plaintiff's payments to interest and late fees.

**14.** The principle on the loan as of on or about August 25, 2014 was $16,623.10. As of on or about February 27, 2017, the principle was $13,196.63. Plaintiff has made a payment of $420.94 every single month since August of 2014 up until the present, for a total of at least $12,207.26 ($420.94 multiplied by 29 months). Somehow, only $3,426.47 of the principle loan has been paid since August of 2014.

**15.** However, Plaintiff has made payments that Defendant has failed to reflect on Plaintiff's payment history statement.

**16.** Defendant has sent Plaintiff notices that instructed Plaintiff not to make payments for the month the notice was received, but Plaintiff would make payments anyway. Defendant then proceeded to asses late fees for Plaintiff and allege that she did not pay for that month and fail to reflect Plaintiff's payment in her payment history.

**17.** Originally, the loan agreement required payments to be made on or around the 15th day of every month. Since Plaintiff is not able to make payments every month until on or around the 22nd day of every month, she has requested that Defendant move the due date back by a few days. Plaintiff has made this request numerous times, and Defendant has refused and has continued to

**CLASS ACTION COMPLAINT**

consistently charge Plaintiff late fees despite the fact that Plaintiff makes her payments every month around the same time.

18. Plaintiff alleges that such practice of charging late fees despite payments being made at the same time every month and despite numerous requests to alter the due date is an intentional, willful, and knowing act by Defendant to collect an illegal interest on a debt.

19. Under the loan agreement, Plaintiff is not to be charged interest, rather, Defendant collects a standard fee for processing each payment in the amount of around $12 per payment. However, Defendant has unilaterally altered the loan agreement to include interest.

20. Moreover, Defendant has unilaterally altered the terms of the original loan agreement multiple times in ways that are grossly lopsided in Defendant's favor.

21. Defendant has communicated with Plaintiff via telephone and mail in connection with collection on the debt, and in these communications, Defendant has claimed that Plaintiff owes interest and fees that she in fact does not owe.

22. Ultimately, Defendant's actions have mislead Plaintiff into believing that she owed much more than she in fact owed.

**CLASS ACTION COMPLAINT**

## **Class Allegations**

**23.** Plaintiff brings this class action on behalf of himself and all others similarly situated ("the Class").

**24.** Plaintiff represents, and is a member of the following classes:

> All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, from whom Defendant collected or attempted to collect interest or amounts that were neither authorized by law nor contained in the agreement creating the debt.

**25.** As a result of Defendant's conduct, Plaintiff and members of the putative class have been deprived of accurate and valid information regarding the legal status of their debts and how much they owe.

**26.** Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number to be in the thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

**27.** This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of

**CLASS ACTION COMPLAINT**

additional persons as warranted as facts are learned in further investigation and discovery.

28. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

29. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant attempted to collect illegal interest from debtors and communicated with them in ways that:

    i. Falsely represented the amount of the debt; and

    ii. Charged interest, fees, or charges not authorized in the original agreement or by state law;

b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

8
**CLASS ACTION COMPLAINT**

**30.** As a person that received the grossly inadequate and misleading collection letter from Defendant, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

**31.** Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct, resulting in numerous debtors and consumers unknowingly paying more than they in fact owe.

**32.** Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

**33.** Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the RFDCPA and CBP.

**34.** A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the

9

**CLASS ACTION COMPLAINT**

RFDCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

35. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### Violation of the Rosenthal Fair Debt Collection Practices Act

### -On Behalf of Plaintiff and The Class-

36. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

37. Pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." *Cal. Civ. Code* §1788.17

38. Thus by engaging in conduct prohibited by Sections e(2)(A), e(5), e(10) and f of the FDCPA, Defendant violated the RFDCPA.

39. As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek

statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

## **Prayer for Damages**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

b. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to *Cal. Civ. Code* §1788.30.

c. .For actual damages according to proof;

d. For reasonable attorneys' fees and costs of suit;

e. For prejudgment interest at the legal rate; and

f. For such further relief as this Court deems necessary, just, and proper.

**CLASS ACTION COMPLAINT**

## SECOND CAUSE OF ACTION

### Violation of Unfair Business Practices Act
### -On Behalf of Plaintiff and The Class-

40. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

41. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL.  Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices.  A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm.  Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

UNFAIR

42. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."  Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially

12
**CLASS ACTION COMPLAINT**

injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.  Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

43. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

44. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class.  Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to charge them interest and fees that they did not owe and fail to apply their payments to the principle.  Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

45. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer.  Such deception,

13
**CLASS ACTION COMPLAINT**

namely applying payments to interest that was never agreed to in original loan agreement, making unilateral changes to the loan agreement in favor of Defendant, charging illegal interest, and charging late fees after instructing Plaintiff and Class members not to make payments, is financially devastating to consumers and benefits Defendant at the expense of consumers.  In fact, knowing that the original agreements creating the debts did not authorize the interest and fees Defendant charged and then unilaterally altering the terms of the loan agreement, Defendant unfairly profited.  Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

46. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided.   Defendant unilaterally altered the terms of the agreement creating the debt and charged fees after telling debtors that they should skip payments.  Defendant failed to take reasonable steps to inform Plaintiff and Class members that they intended on changing the loan terms after the loans were made, including failing to provide an opportunity to Plaintiff and class members to read and review the accurate amounts of the debt.   As such, Defendant took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the

**CLASS ACTION COMPLAINT**

Class members.  Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

47. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

FRAUDULENT

48. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice."  In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

49. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived.  Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

50. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant.  Such deception is evidenced by the fact that Plaintiff paid interest and fees that were never agreed to in the original loan agreement. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of

15
**CLASS ACTION COMPLAINT**

the public.

51. As explained above, Defendant deceived Plaintiff and other Class Members by charging interest and fees that were not agreed to in the original loan agreement.

52. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

UNLAWFUL

53. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

54. As explained above, Defendant deceived Plaintiff and other Class Members by charging interest and fees that were never agreed to in the original loan agreement. Furthermore, such conduct is in violation of the RFDCPA.

55. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to charge illegal interest and engaging in various unconscionable means of debt collection, in violation of the RFDCPA. Had Defendant not falsely advertised, marketed or misrepresented the higher interest, Plaintiff and Class Members would not have paid the higher interest. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

56. These representations by Defendant are therefore an "unlawful" business

**CLASS ACTION COMPLAINT**

practice or act under Business and Professions Code Section 17200 *et seq*.

**57.** Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief.  Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

## PRAYER FOR RELIEF

Plaintiff, on behalf of himself and the Class, requests the following relief:

(a)    An order certifying the Class and appointing Plaintiff as Representative of the Class;

(a)    An order certifying the undersigned counsel as Class Counsel;

(b)    An order requiring Defendant, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(c)    An order requiring Defendant to engage in corrective action regarding the conduct discussed above;

(d)    Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the charging higher interest

**CLASS ACTION COMPLAINT**

during the relevant class period;

(e)    Punitive damages, as allowable, in an amount determined by the Court or jury;

(f)    Any and all statutory enhanced damages;

(g)    All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(h)    Pre- and post-judgment interest; and

(i)    All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

### **Trial by Jury**

58. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, hereby does demand a jury trial.


Dated: April 10, 2017


By:/s/Todd M. Friedman
Todd M. Friedman, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff